# United States District Court, Northern District of Illinois


MHN

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4531 | **DATE** | December 8, 2010 |
| **CASE TITLE** | Kimbrew v. Advocate Health and Hospitals Corp. | | |

## DOCKET ENTRY TEXT:

The Court GRANTS in part and DENIES in part Plaintiff's Motion to Strike (doc. # 17). Defendant's Second and Third Affirmative Defenses are stricken with prejudice. Defendant's First, Tenth, and Fourteenth Affirmative Defenses are stricken without prejudice.

■[ For further details see below.]         Docketing to mail notice.

## STATEMENT

Advocate Health and Hospitals Corporation answered Cornelious Kimbrew's Amended Complaint including an all-but-the kitchen-sink list of additional defenses and affirmative defenses — 19 in all. Kimbrew, not to be outdone, moves to strike all of Advocate's defenses. Advocate's answer and Kimbrew's motion could be incorporated into a law school textbook as examples of overly litigious filings that serve only to waste judicial resources.

Kimbrew first complains that Advocate's additional defenses fail to meet the Federal pleading standards. Advocate's first defense, however, follows the form set forth in the Federal Rules of Civil Procedure. Fed. R. Civ. P. Form 30. Nonetheless Kimbrew argues that Advocate hasn't pleaded sufficient facts. Of course, a complaint (or an answer) need not plead specific facts. Kimbrew also argues that Advocate's additional defenses merely repeat the denials in its answer, citing this Court's ruling in *Hayes v. Agilysys, Inc.*, No. 09 C 727. In *Hayes*, however, the Court struck an affirmative defense that constituted a general denial of the allegations of the Complaint as redundant. Here, Advocate raises defenses that point to specific deficiencies that it perceives in Kimbrew's Amended Complaint. The Court denies the Motion to Strike Additional Defenses 1-6.

Taking Kimbrew's objections defense by defense, the Court begins with Advocate's First Affirmative Defense. Kimbrew argues that Advocate's defense is too conclusory. The Court agrees. Advocate merely states the name of the affirmative defense, asserting that Kimbrew's claims are barred by estoppel, waiver, unclean hands, and laches. While neither the Supreme Court nor the Seventh Circuit has spoken on whether the pleading requirements set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) and *Erickson v. Pardus*, 551 U.S. 89 (2007) apply equally to affirmative defenses, the Seventh Circuit has noted that affirmative defenses are

| STATEMENT |
|---|

pleadings and subject to the pleading requirements of the Federal Rules of Civil Procedure. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Thus, while Advocate need not plead specific facts, it must plead sufficient facts to raise its right to relief above the speculative level. *Twombly* 550 U.S. at 555-57. Moreover, equitable defenses, such as those raised in Advocate's First Affirmative Defense, must be pleaded with the specific elements required to establish the defense. *Batashnik v. Bridgeview Bancorp, Inc.*, No. 05 C 2731, 2005 WL 3470315, at *7 (N.D. Ill. Dec. 15, 2005). Advocate has not done so, nor has it pleaded facts to make its assertion anything more than speculative. The Court strikes the First Affirmative Defense without prejudice.

Kimbrew moves to strike the Second Affirmative Defense — that his claims are barred by the statute of limitations — arguing that the statute of limitations bars his claims. Kimbrew takes issue with the defense, arguing that his need for leave began on November 30, 2008 and he initiated the suit within two years from that date. Advocate points to several paragraphs where Kimbrew does not provide a specific date and suggests that "it is possible he may be asserting claims that ultimately will be deemed untimely." This argument is frivolous. Kimbrew's Amended Complaint clearly specifies a single incident about which he complains, which occurred in late 2008. Should he later attempt to raise other incidents, the Court will permit Advocate to amend its answer to respond to those incidents. *See* Fed. R. Civ. P. 15. For now, there is one incident and the undisputed facts make clear that it is not barred by the statute of limitations. The Court strikes the Second Affirmative Defense with prejudice.

In its Third Affirmative Defense, Advocate suggests that Kimbrew has not exhausted his administrative remedies. But neither the FMLA nor 42 U.S.C. § 1981 require him to do so. Advocate imagines a bogeyman lurks behind closet door number three, suggesting that Kimbrew might raise a Title VII claim, which does require exhaustion. He has not. The Court strikes the Third Affirmative Defense with prejudice.

Kimbrew objects to Affirmative Defenses Four, Five, Seven, Twelve and Thirteen, arguing that Advocate has "already put this at issue in its Amended Answer." This is precisely the type of request to strike that merely serves to delay and otherwise waste judicial resources. Affirmative defenses that are not pleaded are waived, though this is true only if plaintiff is harmed by the delay, and the Court understands why Advocate wishes to preserve possible defenses. Fed. R. Civ. P. 8(c); *Curtis v. Timberlake*, 436 F.3d 709, 711 (7th Cir. 2005). The Court denies the Motion to Strike the Fourth, Fifth, Seventh, Twelfth, and Thirteenth Affirmative Defenses.

In Advocate's Sixth Affirmative Defense it raises a defense under *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998). Kimbrew argues that the *Faragher* defense is not available because the supervisor's harassment led to a discharge. Advocate, however, disputes the reason for Kimbrew's termination. Therefore, a factual issue regarding the availability of the defense remains. The Court denies the Motion to Strike the Sixth Affirmative Defense.

Kimbrew's motion to strike the Eighth Affirmative defense makes little sense. He suggests that "good faith" is not relevant to his § 1981 and FMLA claims. But it is. An employer can avoid liquidated damages only if it shows that it's discriminatory actions or violations of the FMLA were taken in good faith, meaning that it had reasonable grounds for believing it did not violate the FMLA. *Castro v. Chicago Housing Authority*, 360 F.3d 721, 730 (7th Cir. 2004). The Court denies the Motion to Strike the Eighth Affirmative Defense.

In the Tenth Affirmative Defense, Advocate asserts that Kimbrew is not entitled to a jury trial on all of his claims. The parties don't seem to dispute the applicable law — Advocate does not seem to dispute that the question of liability under § 1981 or the FMLA are questions for the jury; Kimbrew does not seem to dispute that issues of front pay, good liquidated damages, or attorney's fees are questions for the Court. Kimbrew takes issue largely with the word "claim," and is correct that he is entitled to a jury verdict on his claims. There are, however,

## STATEMENT

issues that are for the Court to decide — though the Court must respect the findings implied by the jury's verdict. *See Pals v. Schepel Buick & GMC Truck, Inc.*, 220 F.3d 495, 500 (7th Cir. 2000). The Court strikes Advocate's Tenth Affirmative Defense without prejudice. It may replead the defense consistent with this order.

Kimbrew seeks to strike Advocate's Defense based on the Illinois Workers' Compensation Act. Advocate asserts that the Act bars recovery of accidental injuries. Kimbrew argues that he complains only of intentional conduct. But garden-variety harassment claims that produce emotional injury are considered "accidental" within the meaning of the IWCA. *Mobley v. Kelly Kean Nissan, Inc.*, 864 F. Supp. 726, 729-730 (N.D. Ill. 1993). Certain factors may take the injury outside the scope of the IWCA, but that requires factual development. The Court denies the Motion to Strike the Eleventh Affirmative Defense.

Finally, Kimbrew again objects to the wording, but not the substance, of Advocate's Fourteenth Affirmative Defense. Kimbrew notes that after-acquired evidence may limit recoverable damages but does not bar the claim. *See McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352 (1995) (noting that after-acquired evidence does not bar all relief under the ADEA). Advocate's defense states that Kimbrew's "claims are barred," and thus technically misstates the law. The Court strikes the Fourteenth Affirmative Defense without prejudice so that Advocate may replead it.

Many of the positions taken by the parties in this motion were unreasonable (Advocate with regard to defenses one, two, and three; Kimbrew with regard to defenses four, five, seven, twelve, and thirteen). In other instances, the parties sought to impose a burden of hyper-technicality upon their adversary (Advocate again with regard to defenses two and three and also defense ten; Kimbrew with regard to defenses ten and fourteen). In the future, the Court encourages the parties to avoid taking such positions, as it only serves to delay this and other cases.

Wm. J. Hibbler